IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GSH TRADEMARKS LIMITED,<br><br>    *Plaintiff,*<br><br>v.<br><br>SIA "BALTMARK INVEST",<br><br>    *Defendant.* | Case No. 1:20-cv-0271<br>Hon. Liam O'Grady |

## ORDER

Before the Court is Plaintiff GSH Trademarks Limited's ("GSH") objection (Dkt. 53) to the Magistrate Judge's Report and Recommendation (R&R) (Dkt. 52) on GSH's motion for default judgment as to Defendant Sia "Baltmark Invest" ("Baltmark") (Dkt. 28). GSH filed this objection pursuant to Fed. R. Civ. P. 72, 28 U.S.C. § 636(b)(1)(C), and Local Rules 7 and 72.

Upon consideration of the record, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** GSH's motion for Default Judgment (Dkt. 28), albeit **WITH PREJUDICE.**

### I. BACKGROUND

For the sake of clarity, the Court will restate the factual and procedural background of this case. Baltmark validly registered the disputed SHUSTOV OST Trademark (Reg. '879) ("the Mark") on March 25, 2014. Dkt. 1, at 2, ¶ 7. "The SHUSTOV OST Trademark is not for the word, SHUSTOV, but rather for the composite image of the golden bell, superimposed with the word SHUSTOV, sitting atop a red ribbon, and below the image of [a] bearded man." Dkt. 54, at 5.

On July 27, 2017, GSH filed for cancellation of the Mark, citing Baltmark's alleged abandonment thereof. Dkt. 1, at 2, ¶ 9. In the subsequent cancellation proceedings before the Trademark Trial and Appeal Board ("TTAB"), GSH made out a *prima facie* case of Baltmark's abandonment, showing that Baltmark failed to use the Mark in U.S. commerce for a three-year period beginning March 24, 2014 and running through March 24, 2017 (the "nonuse period"). Dkt. 1-2, at 17. However, Baltmark, then represented by counsel, rebutted GSH's *prima facie* case of abandonment by demonstrating Baltmark's intent to commence use of the Mark in U.S. Commerce during the nonuse period. *See id.* at 24. Considering all the evidence before it, the TTAB found that GSH was unable to demonstrate by a preponderance of the evidence that Baltmark constructively abandoned the Mark. *Id.*

GSH sought review of the TTAB's decision in this Court. *See* Dkt. 1, at 4–6, ¶¶ 17–25. After some difficulty with service of process, GSH eventually completed authorized publication service on Baltmark, a foreign-based corporation. Dkt. 22, at 2. GSH then successfully moved for an entry of default, Dkt. 23, and filed a motion for default judgment, Dkt. 28, along with supporting declarations, Dkts. 29, 30, 31. Baltmark did not appear at the default judgment hearing held by the Magistrate Judge. Dkt. 34.

On December 29, 2020, the Magistrate Judge issued his first R&R. Dkt. 39. This R&R recommended (1) denying the motion for default judgment, (2) affirming the decision of the TTAB, and (3) dismissing the case with prejudice. *Id.* at 9. GSH filed an objection to the R&R, along with new supporting declarations. *See* Dkts. 42, 43, 44. Upon review of the R&R and the objection, the Court found that GSH's continued supplementation of the factual record via sworn declarations throughout the default proceedings functionally and improperly operated to amend its original complaint. In turn, the Court remanded the case to the Magistrate Judge to allow

GSH an opportunity to amend its operative pleading properly pursuant to Rule 15. *See* Dkt. 49, at 5–6, 9. GSH declined this invitation, filing a notice of intent not to amend its complaint. Dkt. 51.

In turn, the Magistrate Judge analyzed the original complaint (Dkt. 1) against the TTAB's decision and determined that the complaint adduced no new factual evidence that would trigger *de novo* review of the TTAB's factual determinations. *See* Dkt. 52. The Magistrate Judge recommended affirming the decision of the TTAB based on substantial evidence and denying GSH's motion for default judgment notwithstanding GSH's legal objections to the TTAB's decision. Dkt. 52, at 11.

GSH filed a timely objection to the Magistrate Judge's second R&R (Dkt. 53), along with a memorandum in support thereof (Dkt. 54). The issue is now fully briefed and ripe for review.

## II. LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, this Court maintains the final responsibility for adjudicating the claims at issue. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). Specifically, this Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636; *Winford v. Chater*, 917 F. Supp. 398, 399 (E.D. Va. 1996). As to the portions of the R&R to which no specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

3

## III. DISCUSSION

### a. Standard of Review applicable to the TTAB's factual determinations

When reviewing a TTAB decision, a district court must conduct "*de novo* review of the entire record" when new factual evidence is submitted. *Swatch AG v. Beehive Wholesale*, 739 F.3d 150, 155–56 (4th Cir. 2014). That is because "the district court cannot meaningfully defer to the [TTAB's] factual findings if the [TTAB] considered a different set of facts."[1] *Id.* "If no new evidence is admitted, the reviewing court must apply the APA substantial evidence standard to the [TTAB's] findings of fact." Dkt. 29, at 15 (citing *Swatch AG*, 739 F.3d at 155). Under this standard, "findings of fact will be upheld so long as they are not arbitrary, capricious, or otherwise not in accordance with law."[2] *Id.* (citing *Belmora, LLC v. Bayer Consumer Care AG*, 338 F. Supp. 3d 477, 488 (E.D. Va. 2018)).

Based on GSH's refusal to amend its complaint, the Magistrate Judge determined that substantial evidence review should apply to the TTAB's factual findings.[3] *See* Dkt. 52, at 5–6 (citing Dkt. 49, at 6). GSH did not object to this determination. *See generally* Dkt. 54. In fact, it earlier endorsed this approach. *See* Dkt. 29, at 14 ("The TTAB's ruling that GSH failed to show that Baltmark abandoned its trademark was not supported by substantial evidence."). The Court will proceed accordingly.

---

[1] In other words, if new evidence is adduced, the district court must "determine how the new evidence comports with the existing administrative record, and decide what weight the new evidence deserves. As a logical matter, the district court can only make these determinations *de novo* because it is the first tribunal to hear the evidence in question." *See Kappos v. Hyatt*, 566 U.S. 431, 444 (2012).

[2] Regardless of the standard of review applied to the TTAB's factual findings, the Court reviews the agency's *legal* determinations *de novo*. *See Real Foods Pty Ltd. v. Frito-Lay N. Am., Inc.*, 906 F.3d 965, 971 (Fed. Cir. 2018) (citing *In re N.C. Lottery*, 866 F.3d 1363, 1366 (Fed. Cir. 2017))

[3] Dkt. 52, at 5–6 (citing Dkt. 49, at 6) ("In this case, the 'allegations in the Complaint . . . constitute the sole factual evidence to be considered and compared to the TTAB's administrative record to determine the appropriate standard of review.' Plaintiff has declined the invitation to seek leave to amend the complaint. Accordingly, the undersigned finds that the allegations in the original complaint constitute the totality of the factual evidence to be compared to the administrative record. Such a comparison reveals that plaintiff has not submitted any 'new' or 'different' evidence that would warrant a *de novo* review.").

### b. GSH's objections to the Magistrate Judge's R&R

GSH lodges four objections to the Magistrate Judge's R&R:

14. <u>First</u>, the Magistrate Judge erred when he ruled that the product packaging at Sorokina Exhibit F established Defendant's use of the SHUSTOV OST Trademark because the product packaging at Sorokina Exhibit F did not display the SHUSTOV OST Trademark.
15. <u>Second</u>, the Magistrate Judge erred when he failed to disregard the product packaging upon which the TTAB relied (Sorokina Exhibit G) because its use in commerce was illegal for failing to abide by the labeling requirements of the FAAA.
16. <u>Third</u>, the Magistrate Judge erred when he failed to disregard the product packaging at Sorokina Exhibit G because Defendant admitted that it did not use this product packaging by defaulting in this proceeding.
17. <u>Fourth</u>, the Magistrate Judge erred when he ruled that the Defendant rebutted Plaintiff's prima facie showing of abandonment.

Dkt. 53, at 3–4. The first three specific objections undergird GSH's fourth objection, which amounts to a general attack on the entirety of the Magistrate Judge's report. After all, there exists no dispute concerning GSH's *prima facie* showing of abandonment in this case. *See* Dkt. 1, at 8, ¶ 39; Dkt. 1-2, at 17; Dkt. 52, at 7.

The Court sustains GSH's first specific objection. The SHUSTOV OST Trademark does not appear in any of the images in Exhibit F, so that exhibit "cannot, and does not, establish legal use of the SHUSTOV OST Trademark in commerce." Dkt. 54, at 9–10.

Still, any controversy surrounding Exhibit F is a distraction. No arguments addressing Exhibit F were made by GSH until the Magistrate Judge raised this issue in his second R&R. *Compare* Dkts. 1, 28, 29, 39, 42, 43, and 44, *with* Dkts. 53, 54. This sideshow sprung to life because the Administrative Record ("AR") was not admitted until late February 2021. *See* Dkt. 48. While this was no legal error on GSH's part, 15 U.S.C. § 1071(b)(3), without the benefit of access to the AR, the Court's remand Order opined that analysis of Exhibit F in the Administrative Record might be instructive on the issue of Baltmark's intent to resume use of the

Mark during the nonuse period. *See* Dkt. 49, at 7 n.1. This was a false lead. Exhibit F does not impact the disposition of this case. Even the TTAB recognized as much. *See* Dkt. 1-2, at 5 n.10.

GSH's overriding objection to the Magistrate Judge's recommendation therefore rises or falls on the legal significance of Exhibit G.[4] That is because Exhibit G is the sole focus of GSH's second and third specific objections, and GSH's final objection improperly challenges the entirety of the Magistrate Judge's report. *See Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508–09 (6th Cir. 1991)) ("A General objection to the entirety of the magistrate judge's report is tantamount to a failure to object."); *Hamed v. Saul*, 432 F. Supp. 3d 610, 613 (E.D. Va. 2020) (same); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (same).

GSH's second and third specific objections case can be distilled into a single inquiry: if Exhibit G's legal significance is removed, can the TTAB's remaining factual determinations, reviewed for substantial evidence, support a finding that Baltmark rebutted GSH's *prima facie* case of abandonment by a preponderance of the evidence? *See On–Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1087 (Fed. Cir. 2000). The Court answers in the affirmative.

A registered trademark is considered abandoned if its "use has been discontinued with

---

[4] GSH, perhaps unwittingly, frames Exhibit G's product labeling issue as a matter of fact. *See* Dkt. 54, at 4 ("Defendant admitted the allegations of the complaint that it did not use [legal] product packaging [in Exhibit G] by defaulting in this proceeding."). This framing does not convert that which is fundamentally a legal argument into "evidence," such that *de novo* review of the TTAB's factual findings is triggered. GSH admits that Exhibit G was considered by the TTAB and insists that the Board afforded Exhibit G improper *legal* significance. Dkt. 1, at 10, ¶ 47 (observing that Defendant's use of the packaging pictured in Exhibit G "should not have been accepted by the Board as adequately supporting an allegation of [Baltmark's] *bona fide* use of [the] Mark . . . ."). Baltmark's failure to take a demonstrably false position to the contrary by arguing that the images contained in Exhibit G do, in fact, depict 'imported by' language does not create "new evidence." Baltmark has simply conceded GSH's legal argument that the packages shown in Exhibit G violated 27 C.F.R. § 5.36(b) and cannot corroborate Baltmark's intent to use the Mark during the nonuse period.

GSH's own reliance on the substantial evidence standard to challenge the TTAB's factual findings, Dkt. 29, at 14–26, paired with GSH's failure to object to the Magistrate Judge's use of that standard in the second R&R, *see generally* Dkt. 53, lends support to this finding.

intent not to resume such use." 15 U.S.C. § 1127. Nonuse of a trademark for three consecutive years is *prima facie* evidence of abandonment. *Id. Prima facie* evidence of abandonment "creates a rebuttable presumption that the trademark owner has abandoned the mark without intent to resume use." *Crash Dummy Movie, LLC v. Mattel, Inc.*, 601 F.3d 1387, 1391 (Fed. Cir. 2010) (citing *On-Line Careline*, 229 F.3d at 1087). "The burden then shifts to the trademark owner to produce evidence that [it] either used the mark during the statutory period or intended to resume use. The burden of persuasion, however, always remains with the challenger to prove abandonment by a preponderance of the evidence." *Id.* (citing *On-Line Careline*, 229 F.3d at 1087) (cleaned up); *see also Emergency One, Inc. v. Am. Fire Eagle, Ltd.*, 228 F.3d 531, 536 (4th Cir. 2000) (citing *Cerveceria Centroamericana, S.A. v. Cerveceria India, Inc.*, 892 F.2d 1021, 1026 (Fed. Cir. 1989)) ("Once the presumption is triggered, the legal owner of the mark has the burden of producing evidence of either actual use during the relevant period or intent to resume use. The ultimate burden of proof (by a preponderance of the evidence) remains always on the challenger.") (cleaned up)

More than subjective intent to resume use of a Mark at some point in the future is required to rebut a challenger's *prima facie* showing of abandonment. *See Imperial Tobacco Ltd., Assignee of Imperial Grp. PLC v. Philip Morris, Inc.*, 899 F.2d 1575, 1581 (Fed. Cir. 1990) ("In every contested abandonment case, the respondent denies an intention to abandon its mark; otherwise there would be no contest."). However, in rebutting a *prima facie* showing of abandonment, "testimony even of a single witness may be adequate to establish priority [of use]," so long as the testimony is "sufficiently probative." *Exec. Coach Builders, Inc. v. Spv Coach Co., Inc.*, 123 U.S.P.Q.2d 1175 (TTAB 2017); *see Kohler Co. v. Baldwin Hardware Corp.*, 82 U.S.P.Q.2d 1100 (TTAB 2007); *Powermatics, Inc. v. Glebe Roofing Prods. Co.*, 144

7

U.S.P.Q. 430 (CCPA 1965). This rule applies so long as the testimony at issue is not "characterized by contradictions, inconsistencies, and indefiniteness [and carries] with it conviction of its accuracy and applicability." *B.R. Baker Co. v. Lebow Bros.*, 66 U.S.P.Q. 232 (CCPA 1945); *see Nationstar Mortgage LLC v. Ahmad*, 112 U.S.P.Q.2d 1361 (TTAB 2014); *Automedx Inc. v. Artivent Corp.*, 95 U.S.P.Q.2d 1976, 1983 (TTAB 2010). Of course, testimony may be "strengthened by corroborative documentary evidence." *Elder Mfg. Co. v. Int'l Shoe Co.*, 92 U.S.P.Q. 330 (CCPA 1952). But corroborative documentary evidence is not necessary, so long as testimony, standing alone, is sufficiently probative and "clear, consistent, convincing, and uncontradicted." *Productos Lacteos Tocumbo S.A. de C.V. v. Paleteria La Michoacana Inc.*, 98 U.S.P.Q.2d 1921 (TTAB 2011); *see National Bank Book Co. v. Leather Crafted Products, Inc.*, 218 U.S.P.Q. 826 (TTAB 1993); *Liqwacon Corp. v. Browning-Ferris Industries, Inc.*, 203 USPQ 305 (TTAB 1979); *GAF Corp. v. Anatox Analytical Services, Inc.*, 192 U.S.P.Q. 576 (TTAB 1976). Importantly, a registrant may rely on testimony and corroborative evidence from "before or after the three-year statutory period to infer [a registrant's] intent to resume use *during* the three-year period." *Crash Dummy Movie*, 601 F.3d at 1392 (emphasis added).

Discounting the legal significance of Exhibit G completely, substantial evidence supports the TTAB's decision. The Board specifically found that Baltmark's trial witness, Ms. Sorokina, "testified that, in May 2016 *and within the three-year statutory period of nonuse*, [Baltmark] entered into a license agreement with the entity known as Tradehouse Shustov, a New Jersey LLC, to assist with and help facilitate the production, transport, importation, distribution, sales and marketing of, among other things, the products identified in [Baltmark's] subject registration for the SHUSTOV OST mark." Dkt. 1-2, at 18. Ms. Sorokina also testified that shortly after the three-year nonuse period lapsed, Tradehouse Shustov acted in furtherance of its agreement with

Baltmark, undertaking business activities to promote the export of Baltmark's SHUSTOV brand cognac into the United States. *See id.* at 18–19. The TTAB found Ms. Sorokina's testimony "unrebutted," "clear," "convincing," and uncontradicted by any other evidence of record.[5] *Id.* at 22. It also found her testimony corroborated by "an invoice dated October 24, 2017 from Tradehouse Shustov . . . for one hundred 1.75 liter bottles of [Baltmark's] SHUSTOV cognac to be imported from France [to the United States], and identifying the contract date as April 1, 2017."[6] *Id.* Though the invoice was dated seven months after the expiration of the nonuse period, the TTAB found it corroborative of Baltmark's intent to use *during* the nonuse period. *Id.*; *see Crash Dummy Movie*, 601 F.3d at 1392.

Based on these factual findings, there is substantial evidence to support the TTAB's ruling. "[A] reasonable person might find that the evidentiary record supports the agency's conclusion." *On-Line Careline, Inc.*, 229 F.3d at 1085 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Ms. Sorokina's testimony, standing alone, offers more than a "mere scintilla" of support for the premise that Baltmark intended to use the disputed Mark during the nonuse period. *See id.* Combining this testimony with the corroborative documentary evidence cited by the TTAB, the Court identifies no basis to reverse the agency's decision under the appropriate standard of review.

The Court notes that it would have reached this decision even if it conducted a complete

---

[5] This may owe to GSH's failure "to file with the Board and serve upon [Baltmark] a notice of its election to cross-examine [Ms. Sorokina]," which precluded it from deposing her. Dkt. 1-2, at 8.

[6] In its objection to the Magistrate Judge's first R&R, GSH stated that "the Magistrate's [sic] ruling should be reversed because subsequent consideration of evidence previously submitted by [Baltmark] in the TTAB proceeding – specifically an invoice that purportedly corroborated [Baltmark's] supposed licensing agreement – should have been stricken because it was clearly fabricated for the purposes of the TTAB proceeding, and nonetheless should have carried no weight anyway because the invoice describes shipments of products branded by a different, irrelevant, [sic] trademark." Dkt. 43, at 6. GSH's invective charge was lodged against an absentee party in the litigation after default was entered. The Court gave GSH an opportunity to amend its complaint to reassert this purported fraud, which might have triggered *de novo* review of the TTAB's factual findings. Dkt. 49, at 3–6, 9. But GSH declined the Court's invitation. Dkt. 51.

9

review of the Magistrate Judge's report, which GSH urges in its fourth objection. *Compare* Dkt. 53, at 4 ("The Magistrate Judge erred when he ruled that the Defendant rebutted Plaintiff's *prima facie* showing of abandonment."), *with Tyler*, 84 Fed. App'x at 290. However, because GSH has failed to make any specific objections to the R&R unrelated to Exhibits F and G, it has waived appellate review on all other grounds. *See Wells v. Shriners Hosp.*, 109 F.3d 198, 200–01 (4th Cir. 1997).

## IV. CONCLUSION

Having reviewed the Report and Recommendation of the Magistrate Judge entered on April 19, 2021 (Dkt. 52), and finding no clear error to which GSH did not object, *Diamond*, 416 F.3d at 315, it is hereby **ORDERED** that:

(1) The Magistrate Judge's recommendation (Dkt. 52) that GSH's motion for default judgment (Dkt. 28) be **DENIED** is **ADOPTED** and **AFFIRMED**;

(2) GSH's objection (Dkt. 53) to this determination is **OVERRULED**;

(3) This Action is **DISMISSED WITH PREJUDICE**; and

(4) The TTAB's decision is **AFFIRMED**.

The Court's prior remand Order (Dkt. 49) already mooted the Magistrate Judge's first R&R (Dkt. 39) and GSH's accompanying objection (Dkt. 42). The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58, and to remove this case from the active docket. This is a Final Order for purposes of appeal.

It is **SO ORDERED**.

May 18, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge